ORRIS H. KEEN *versus* SAMUEL BRIGGS.

Where an officer making a levy returns that he notified the debtor to be present at the time and place to select an appraiser, "which he utterly refused to do," this is sufficient evidence of the notice required by the statute.

Where the officer's return does not state specifically the items of his charges and fees, nor the gross amount, but that the land levied upon was appraised at a certain sum, "which is the amount of the execution, fees and charges," it is sufficient, as the execution and return, taken together, furnish data for ascertaining the amount of charges.

Keen *v.* Briggs.

*It seems*, that the officer in such a case may amend his return, and supply the items and amount of his charges, although out of office.

THIS case was presented on an AGREED STATEMENT OF FACTS. WRIT OF ENTRY to recover certain land in Freedom. October 23, 1850, Enos Briggs, jr., being then owner of the land, it was attached on a writ in favor of William Hussey against said Briggs, and, after judgment obtained, the land was levied upon and set off to Hussey, who afterwards conveyed it to the plaintiff, April 4, 1854.

Enos Briggs, jr., after the date of Hussey's attachment, and before the present action was commenced, conveyed the same land to the defendant, by deed duly acknowledged and recorded.

The officer's return of the levy sets forth, that on March 20, 1851, he caused three discreet and disinterested persons of said county to be sworn, one selected by the creditor's attorney, "and, after giving Enos Briggs, jr., the debtor, due notice to be present at the time and place to select one appraiser, which he utterly refused to do," the other two were appointed by the officer, and, after being sworn, they viewed the land shown to them by the creditor's attorney, &c.; and that he had extended the execution on the described land and appurtenances, appraised by the appraisers at $116,60, "which is the amount of this execution and fees and charges."

The return does not state the items or amount of fees and charges. The plaintiff offered an affidavit of the officer, Charles Elliot, setting forth the items omitted, in amendment of his return, and the Court was to determine whether the amendment was admissible.

*Keen, pro se,* cited *Fitch* v. *Tyler,* 34 Maine, 463, *Smith* v. *Keen,* 26 Maine, 411, as to the sufficiency of the notice to the debtor; and argued that the omission of the specific charges of levy was unimportant, and the return of the officer sufficient, as the Court has before it, in the execution, ample data to make the amount certain. *Rawson* v. *Clark,* 38 Maine, 223. It is competent for the officer to amend his re-

turn, although out of office, and the interest of third parties had intervened. *Fitch* v. *Tyler*, before cited. A slight error in the officer's charges does not render the levy void. Statute of 1856, c. 278. Nor the charges of levy being stated in a gross sum. *Tibbetts* v. *Merrill*, 12 Maine, 122. Nor the taxation of illegal costs. *Sturdivant* v. *Frothingham*, 10 Maine, 100. The return states all that is required by R. S., c. 94, § 24.

*Abbott*, for defendant, argued that the title of the plaintiff was imperfect by his own showing.

The opinion of the Court was drawn up by

KENT, J.— The return of the officer shows that he gave the debtor notice to be present at the time and place, to select an appraiser, which he utterly refused to do. This is sufficient evidence of notice as required by the statute. *Smith* v. *Keen*, 26 Maine, 411; *Fitch* v. *Tyler*, 34 Maine, 463.

The officer did not state the items of his charges and fees, nor the gross amount, in distinct terms. But he and the appraisers say that the land was appraised at a certain sum, " which is the amount of this execution, and fees and charges." We have the amount of the debt and cost in the execution, and, adding a month's interest thereon, we have a sum which, taken from the appraised value, leaves a balance which must have been the officer's fees and charges. "What may be made certain is certain" in the eye of the law. *Rawson* v. *Clark*, 38 Maine, 223.

It has been settled that it is not necessary for the officer to state the items of his charges. *Tibbetts* v. *Merrill*, 12 Maine, 122. Nor will a charge of illegal fees vitiate the levy. *Sturdivant* v. *Frothingham*, 10 Maine, 100.

The fact that more land was taken than was necessary to satisfy debt and costs as taxed, must distinctly and affirmatively appear. *Rawson* v. *Clark*, 38 Maine, 223; 23 Maine, 498.

This does not appear on the return as it stands. It only

appears that enough was taken to pay the amount of the execution and fees and charges. It does not appear that any land was taken beyond the quantity needed for that purpose. The charge for fees by the officer can be determined as satisfactorily as if he had stated them in a gross sum; and we have seen that whether that sum was strictly a legal charge or not could not affect the levy.

We have no doubt that, within the principles of the case of *Fitch* v. *Tyler*, 34 Maine, 463, the officer may amend his return, according to the facts stated in his affidavit, although he may now be out of office. The rule seems to be, that the debtor should stand chargeable with all the facts, the existence of which is indicated by what is stated on the record, and can be satisfactorily shown to the Court.

But, without amendment, the plaintiff is entitled to judgment for possession, and damages for mesne profits.

TENNEY, C. J., and APPLETON, CUTTING, MAY, and DAVIS, J. J., concurred.